By the Court.—
The recovery in this action, is of a forfeiture for an offence described in the act of 1799, ch. 11, sec. 4, which being unaccompanied with a duty, and arising simply ex maleficio, the suit will be neither for nor against Executors. The penalty is given for the offence merely, without reference to the actual loss or damage which the testator’s property may have sustained; and in this respect the case is to be distinguished from those, where Executors may bring certain actions which yet, on account of the form of pleading, *73 would not survive against them; as in the action of trespass, for taking any goods in the life-time of the testator, the value of the goods as well as the injury done, will be estimated in the damages. The same principle extends to an action of trover for a conversion committed in the life-time of the testator, and to any other action which is maintainable by the Executor.
With respect to the act of 1786, ch. 14, sec. 1, its manifest intent was enable Executors and Administrators to carry on such suits only, as might have originated, or such as might have been commenced against them. The common law principle, relative to the dying of personal actions with the person, retained the same operation after this act, as it possessed before. This construction, which hath uniformly prevailed, since the passing of the act, hath received a legislative sanction, by the act passed in 1799, whereby the actions of ejectment, trover, detinue and trespass, where property is in contest, are allowed to be revived. By enumerating these cases, and specifying one species of the action of trespass, which may survive, it is perfectly just, that all all other cases which were affected by the maxim, continue still to be so.